**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt, Wilkinson and Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KELLY A. MIKLOS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL HOFFERT, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A05-1205-CR-273 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1107-FC-2209
Cause No. 84D03-1111-FD-3492
Cause No. 84D03-1111-FD-3578
Cause No. 84D03-1111-FD-3596

**January 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Paul Hoffert, Jr. appeals the revocation of his placement in a work-release program and the order to serve a portion of the balance of his sentence in the Department of Correction.

We affirm.

The relevant facts are that under four separate cause numbers, Hoffert pleaded guilty to burglary, a class C felony, public intoxication as a class B misdemeanor, and five class D felonies, including two counts of theft, attempted receipt of stolen property, auto theft, and receipt of stolen property. On January 5, 2012, Hoffert was sentenced to an aggregate sentence of nine years for these convictions. The trial court ordered him to serve three years executed as a direct commitment to the Vigo County Work Release Program and suspended the remaining sentence to formal probation.

On April 18, 2012, the State filed a "Petition to Revoke Direct Placement in the Work Release Program and/or to Revoke Probation." *Appellant's Appendix* at 8. The petition alleged that Hoffert violated the conditions of his work-release program in the following ways: (1) He tested positive for cannabis on January 25, 2012, the day he commenced the Vigo County Work Release program; (2) on January 27, he was found with a hand-rolled cigarette in the Vigo County Community Correction (VCCC) dorm bathroom; (3) as of April 18, he was $379.00 in arrears on his work-release fees; and (4) as of April 18, he had failed to obtain gainful employment. On April 25, 2012, the State filed an amended petition further alleging that Hoffert tested positive for benzodiazepines and cannabis on April 3. Following a May 1, 2012 hearing on the State's amended petition to revoke, the court found that Hoffert

had violated the conditions of the work-release program. As a result, the court ordered that the three years previously ordered to be served on work release, plus one year of the previously suspended sentence, were instead to be served at the Indiana Department of Correction (DOC).

Community corrections programs, like probation, serve as alternatives to commitment to the DOC, and both are made at the sole discretion of the trial court. *McQueen v. State,* 862 N.E.2d 1237 (Ind. Ct. App. 2007). Placement on probation or in a community corrections program is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Million v. State,* 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995). We review challenges to the revocation of placement in a community corrections program using the standard of review we use when reviewing a revocation of probation. *See Monroe v. State,* 899 N.E.2d 688 (Ind. Ct. App. 2009). A revocation hearing is civil in nature, and the State need prove an alleged violation only by a preponderance of the evidence. *Id.* When reviewing a decision to revoke, we will not reweigh the evidence nor judge the credibility of witnesses, and will consider only the evidence most favorable to the trial court's decision. *Id.* We will affirm the trial court if there is substantial evidence of probative value supporting revocation. *Id.*

Hoffert does not challenge the court's finding that he violated the conditions of his community-corrections placement. Rather, he contends that those violations did not warrant revocation. For instance, he describes the January 25 positive cannabis test as "a baseline test on the day he entered the work release program[.]" *Appellant's Brief* at 3. This implies that his eligibility or fitness for community corrections placement is not affected by actions

that pre-date commencement in the program. This is simply not the case. *See Million v. State,* 646 N.E.2d at 1002 ("no … language in the community corrections statute [] limits the trial court's discretion to revoke placement only when a violation occurs during the period of placement. Thus, … the trial court [may] revoke a defendant's placement in the community corrections program before he enters [that] phase of his sentence"). Moreover, the April 18 amended petition to revoke alleged that Hoffert tested positive for illegal substances more than two months after the initial test. As for his possession of a cigarette in the VCCC dorm, it is of no significance that, as Hoffert notes, "the cigarette he possessed contained only tobacco." *Appellant's Brief* at 3. Hoffert does not deny that possessing even a tobacco cigarette was still a violation of the VCCC facility's rules. Hoffert also admits he did not obtain employment before the amended petition to revoke was filed, but contends this did not warrant revocation because "he was in the program only 87 days before the petition to revoke was filed". *Id*. "Only 87 days" can also be described as "almost three months." In the context of a diligent search for employment, three months is not an inconsequential length of time.

Any of the foregoing violations would be sufficient to support revocation. *See Bussberg v. State,* 827 N.E.2d 37, 44 (Ind. Ct. App. 2005) ("[p]roof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation"), *trans. denied*. Thus, we need not address Hoffert's claim regarding the nonpayment of fees. The trial court did not abuse its discretion in revoking Hoffert's placement in a community corrections program.

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.